## JOEL GATES & A. v. HANCOCK & A.

Where selectmen have applied the money of the town to pay their expenses in defending against a criminal prosecution brought against them for alleged official misconduct in making up the check-list, a subsequent vote of the town to ratify this application of the money will not be valid against a voter and tax-payer of the town who has not assented to it.

In a bill in equity, brought by such voters and tax-payers against the town and the selectmen, to obtain the repayment into the town treasury by the selectmen of the money so applied by them, which alleges that such vote was passed by a fraudulent combination between the selectmen and the majority of the legal voters present at the town-meeting, it is not necessary to make the individuals composing such majority parties.

IN EQUITY. The bill was brought against Mark N. Spalding, Hiram

Fuller and Francis M. Hill, and the town of Hancock, on the 1st day of December, 1863, and it alleged in substance : That on the first day of March, 1863, the plaintiffs were and ever since have been legal voters and tax-payers in said town; that, for the years 1861, 2 and 3, Spalding, Fuller and Hill were the selectmen of the town, and that Spalding was its treasurer for 1862 and 3 ; that, in 1862, at the May term of the Supreme Judicial Court for the county of Hillsborough, these three defendants were indicted for alleged official misconduct in making up the check-list; that, March 1st, 1863, said three defendants, combining and confederating together to defraud the town and the plaintiffs, fraudulently applied $216 of the money of the town to pay the expenses of making their defense to the indictment; that, Spalding combining, &c., with Fuller and Hill, fraudulently charged the $216 to the town, as "selectmen's court expenses," in his account as treasurer, rendered at the annual town-meeting, March 10; 1863 ; that, at said annual town-meeting, a majority of the legal voters then present, combining, &c., with Spalding, Fuller and Hill, to defraud the town and the plaintiffs, voted to allow the account of Spalding, containing this item of $216 ; that Spalding, Fuller and Hill, under color of this fraudulent vote, still retain the $216, and the town, controlled by such fraudulent majority and represented by the said three defendants, as selectmen, refuse, though often requested, to require said three defendants to refund to the town the $216 ; that, October 1, 1863, the plaintiffs requested said three defendants to refund the $216 to the town or to cause Spalding to charge himself in his account, as treasurer, with that sum, but the said defendants have neglected and refused so to do ; that the plaintiffs have never assented to any of the acts complained of, and that, by reason of the said fraudulent combination between said three defendants and said majority of legal voters, the town has been defrauded of the $216 and interest, &c., and the plaintiffs, as tax-payers, are liable to bear and do respectively bear their ratable proportion of the additional burden of taxation caused by the acts complained of.   And the bill prays that said Spalding, Fuller and Hill may be decreed to pay into the treasury of the town said $216, with interest, &c., or that said Spalding may be decreed to charge himself therewith in his account, as treasurer, and for general relief.

All the defendants demurred because of the non-joinder of the persons composing the said majority of legal voters at the annual meeting in March, 1863, because of alleged want of equity.

*Morrison, Stanley & Clark*, for defendants, cited, as to the first point, Story's Eq. Pl., sec. 76b ; and, as to the second, *Pike* v. *Middleton*, 12 N. H. 280 ; *Nelson* v. *Milford*, 7 Pick. 18 ; *Bancroft* v. *Lynnfield*, 18 Pick. 566 ; *Thayer* v. *Boston*, 19 Pick. 516 ; *Drake* v. *Stoughton*, 6 Cush. 393 ; *Wadsworth* v. *Henniker*, 35 N. H. 189.

*Perley* and *Dearborn & Scott*, for plaintiffs.

BARTLETT, J.*   In *Merrill & a.* v. *Plainfield*, (Sullivan County,

*Perley, C. J., having been of counsel, did not sit.

December 7, 1863,) upon a similar bill brought by several of the resident tax-payers of Plainfield, the defendants were enjoined from paying to the selectmen of the town the costs and expenses incurred by them in making defense to certain indictments against them for alleged misconduct in preparing, regulating and correcting the check-list of the town, although the town, at a meeting duly called, had voted to make the payment. . It is not within the power of a majority of the voters in a town-meeting to appropriate the property of the town to such a payment, *Gove* v. *Epping*, 41 N. H. 545 ; and their vote to ratify the unauthorized action of the selectmen in making such a payment with the money of the town, can have no greater validity than a vote directing such payment. *Downing* v. *Road Company*, 40 N. H. 230. The objection, that the individuals, who voted in the majority at the meeting, are not joined as parties, cannot be sustained. *Barr* v. *Deniston*, 19 N. H. 180 ; *March* v. *The Railroad*, 40 N. H. 568.

*The demurrer must be overruled.*